IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVEN L. HOLLY,

        Plaintiff,                       No. CIV S-11-0390 GGH P

   vs.

BUTTE COUNTY SUPERIOR COURT, et al.,

        Defendants.             ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Pursuant to the <u>Order</u>, filed on February 25, 2011, plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3         The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
8  U.S.C. § 1915A(b)(1),(2).
9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.
16        A complaint must contain more than a "formulaic recitation of the elements of a
17 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
18 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
19 "The pleading must contain something more...than...a statement of facts that merely creates a
20 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
21 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
22 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
23 v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at
24 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content
25 that allows the court to draw the reasonable inference that the defendant is liable for the
26 misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names the following as defendants: Butte [County] Superior Court; San Joaquin [County] Superior Court; Chico Parole Agency; Board of Parole Hearings (BPH). Complaint, pp. 1-2. Plaintiff alleges that his parole agency used tainted evidence to show good cause for a parole violation. Id., at 3. Plaintiff contends that the GPS reading on which his parole violation was based was from another date, not the one for which he was violated. Id. Plaintiff continues alleging that "they" always cause him to lose property and money and do not help him to get his "stuff" back. Id. Plaintiff claims that the BPH commissioner[s] always collaborate[s] with the parole agency to uphold the agency's findings. Id. Plaintiff states that almost each time he is violated, it is on the basis of bias or prejudice because others doing the same unexplained thing are not. Id. Plaintiff believes "they" should be "held accountable for their lack of discretion. Id.

Plaintiff states that he has lost money, clothes and a place to live. Complaint, p. 3. He states that this is his fifth parole violation, that he needs to be paid and that he has not received his S.D.I. for at least three years. Id. He also contends that he is not supposed to be registering under Cal. Penal Code § 290, mentions an exception under Cal. Penal Code § 290.005 to which he is entitled based on his Minnesota case, involving a burglary, for which he was also overcharged with an attempted rape. Id., at 4.

Plaintiff filed an addendum to his complaint, which he confusingly refers to as amendments to his habeas corpus petition. See addendum, docket # 6, filed on March 9, 2011. He then goes on to complain of the alleged illegality of the application of Proposition 290, by which he apparently means Cal. Penal Code § 290, to him, claiming that his constitutional right

to freedom is being denied. Docket # 6, p. 1. He explains the circumstances of his commitment offense and how the law is allegedly misapplied to him. Id., at 2-10.

It is completely unclear how plaintiff is seeking to proceed. His complaint violates Fed. R. Civ. P. 8, which sets forth general rules of notice pleading in the Federal Courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Plaintiff fails to identify individual defendants and frame colorable allegations against them.

In addition, plaintiff's piecemeal filings violate Local Rule 220, which requires, absent "prior approval to the contrary," that "every pleading to which an amendment or supplement is permitted or ... allowed by court order..." be "filed so that it is complete in itself without reference to the prior or superseded pleading."

Further, if plaintiff is in custody pursuant to a parole revocation and he seeks to challenge the constitutionality of his incarceration, he must proceed by way of a habeas petition under 28 U.S.C. § 2254:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

If plaintiff is maintaining that conditions of parole infringe upon his constitutional rights, he may proceed by way of § 1983. Inouye v. Kemna, 504 F.3d 705 (9th Cir. 2007) (in § 1983 action, parole officer found to have violated parolee's First Amendment rights by

requiring him to attend AA as a condition of parole); but see, Cordell v. Tilton, 515 F.Supp.2d 1114, 1122-23 (S.D. Cal. 2007) (since parole conditions are what keep a parolee in custody, challenges to those conditions must proceed by way of a habeas petition).  On the other hand, if plaintiff has been found to have violated a condition of parole, he may not challenge the condition or revocation pursuant to § 1983 "unless and until the revocation has been overturned or otherwise invalidated." Moreno v. State of California, 25 F. Supp.2d. 1060, 1063 (N.D. Cal. 1998).  If plaintiff is challenging the constitutionality of a criminal statute, he may proceed by way of an action pursuant to 42 U.S.C. § 1983.  Bowman v. Schwarzenegger, 2009 WL 799274 (E.D. Cal. 2009) (civil rights action challenging application of restrictive residence condition of "Jessica's Law" and onerous parole conditions arising from registered sex offender statute).

The complaint will be dismissed with leave granted for plaintiff to file an amended complaint.  If, however, plaintiff elects to proceed by way of a habeas petition, he must file a separate action.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: April 19, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
holl0390.b