IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVEN L. HOLLY,

    Plaintiff,                                  No. CIV S-11-0390 GGH P

    vs.

BUTTE COUNTY SUPERIOR COURT, et al.,

    Defendants.                           ORDER

/

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of the undersigned in a form dated "3-2-11." See docket entry # 5, filed on March 9, 2011. By order, filed on April 19, 2011, the complaint was dismissed with leave to file an amended complaint within twenty-eight days. Although plaintiff, on May 17, 2011, filed a document he denominated "amended complaint," the substance of the filing is a request for reconsideration by a district judge of the April 19, 2011, order of the undersigned. However, that option is unavailable and the undersigned will consider it a request for reconsideration before the undersigned.

Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981),

1

considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

In the instant motion, plaintiff complains that the California Department of Corrections and Rehabilitations (CDCR), Butte County Superior Court and parole agents, and the Board of Parole Hearings have jointly imposed an excessive fine and cruel and unusual punishment upon him, as he is indigent.  See docket # 11, p. 4.  Plaintiff claims, as he did in his original complaint, that a social security disability benefit is his only income and that he has not received any SDI payments for three years. Id., at 4, 9. He claims that his parole agents have not been helpful to him but rather will violate him for any minor infraction. Id.  He claims that rights he has under the Ninth Amendment have been violated. Id., at 5.  Plaintiff complains of discrimination in housing; he alleges he should not have to register as a sex offender. Id., at 5-6,

12. He claims to have been subjected to illegal special conditions of parole (without setting them forth in a clear, coherent fashion) and to have had five parole violations, that he has lost personal property and has not received adequate medical treatment. Id., at 5,7-9. Although plaintiff seeks to provide a little more detail in his allegations, it is still entirely unclear how plaintiff seeks to proceed in this action and his filing is still wholly violative of Fed. R. Civ. P. 8. Plaintiff in no way presents a basis for the court to modify its prior order, and the order will be affirmed. The undersigned will, however, permit plaintiff an additional twenty-eight days to file an amended complaint.

Accordingly, IT IS ORDERED that:

1. Plaintiff's "first amended complaint," filed on May 17, 2011, is construed as a motion for reconsideration of the court's order, filed on April 19, 2011, and the Clerk of the Court is to modify the text of docket entry #11 to so reflect;

2. Upon reconsideration, this court's order filed on April 19, 2011, is affirmed; and

3. Plaintiff is granted an extension of time of twenty-eight days from the filed date of this order to file an amended complaint, with no further extension to be granted; failure to file an amended complaint will result in dismissal of this action. Fed. R. Civ. P. 41 (b); Local Rule 110.

DATED: July 21, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
holl0390.850