IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVEN L. HOLLY,

    Plaintiff,                    No. CIV S-11-0390 GGH P

    vs.

BUTTE COUNTY SUPERIOR COURT, et al.,

    Defendants.           <u>ORDER</u>

        Plaintiff, evidently a parolee proceeding pro se,[1] seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. By order, filed on April 19, 2011, plaintiff's complaint was dismissed with leave to amend. Plaintiff submitted a filing which the court construed as a motion for reconsideration of the order, whereupon upon reconsideration, by order filed on July 21, 2011, the order filed on April 19, 2011, was affirmed. The court also granted plaintiff an extension of time to file an amended complaint. Plaintiff filed an amended complaint on August 22, 2011.

        Plaintiff has previously been informed that the court must screening complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a

---

[1] At the time of filing his original complaint, plaintiff was incarcerated at California State Prison-Solano. See docket # 1.

1

governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

1843 (1969).

In his amended filing, plaintiff elects to submit a biographical statement, claiming to have been "a free and law-abiding citizen for more than nine-eighths (9/8) [sic] of my life." Amended Complaint, p. 3.  Plaintiff recounts his youth when he was on his way, despite a hard scrabble background, to attending law school on a full scholarship, without the blemish of any criminal record, when he "foolishly" rejected that option for a love interest.  AC, pp. 3-4. Plaintiff describes briefly the downward spiral of his life from that point.  Plaintiff complains that the court has not investigated his case.  He makes reference to the onerous burden of the conditions of Cal. Penal Code § 290 which apparently places an undue hardship on him, keeping him homeless and defenseless.  AC, p. 8.  He complains of having lost property and money causing him financial hardship and of the dangerousness of street shelters.  AC, pp. 9-10.

Plaintiff's initial complaint was dismissed primarily as violative of Fed. R. Civ. P. 8.  See Order, filed on April 19, 2011 (docket # 8).  Unfortunately, plaintiff fails to cure the defects of his original complaint by the instant filing.  Plaintiff makes vague references to the hardships imposed by the requirements of Cal. Penal Code § 290 (sex offender registration statute), but he sets forth no specific claims and seeks no particular relief, again in violation of Rule 8 of the Federal Rules of Civil Procedure, failing once again altogether to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  As plaintiff has been previously informed, Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them."  See Order, filed on April 19, 2011, p. 4, citing McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Nevertheless, plaintiff again does not identify individual defendants and frame colorable allegations against them.  The amended complaint will be dismissed.

Plaintiff has been provided ample opportunity to amend and has failed to cure the defects pointed out to him by the court.  "Under Ninth Circuit case law, district courts are only

1  required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to
2  grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129
3  (9th Cir. 2000).  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097,
4  1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district
5  court should grant leave to amend even if no request to amend the pleading was made, unless it
6  determines that the pleading could not be cured by the allegation of other facts."). "[A] district
7  court retains its discretion over the terms of a dismissal for failure to state a claim, including
8  whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at
9  1124.  "The district court's discretion to deny leave to amend is particularly broad where
10 plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges,
11 Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th
12 Cir. 2003).  Plaintiff appears to be unable to articulate a colorable claim after having had a more
13 than adequate opportunity to do so.
14         Accordingly, IT IS HEREBY ORDERED that the amended complaint is
15 dismissed and this case is closed.
16 DATED: November 17, 2011

             /s/ Gregory G. Hollows
             UNITED STATES MAGISTRATE JUDGE

GGH:009
holl0390.ord